IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THE CHARTER OAK FIRE INSURANCE
COMPANY,

                Plaintiff,                            ORDER

                                            21-cv-655-wmc

        v.

SUPERIOR REFINING COMPANY LLC,
HOUSTON SERVICES INC., LIBERTY
MUTUAL INSURANCE COMPANY,
ZURICH AMERICAN INSURANCE
COMPANY, and MID-CONTINENT CASUALTY
COMPANY,

                Defendants.

---

        In this civil action, plaintiff The Charter Oak Fire Insurance Company ("Charter") claims that defendants Superior Refining Company LLC ("Superior") and Houston Services Inc. was negligent in allowing a slide valve to degrade, leading to an explosion. (Compl. (dkt. #1) ¶¶ 29-31.)  Invoking this court's diversity jurisdiction, plaintiff Charter has alleged that the court has jurisdiction under 28 U.S.C. § 1332(a).  (Compl. (dkt. #1) ¶ 8.)  Because the allegations in the complaint are insufficient to determine whether diversity jurisdiction actually exists, Charter will be given an opportunity to file an amended complaint containing the necessary allegations.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiff contends in its complaint that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Compl. (dkt. #1) ¶ 8.) For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Plaintiff's allegations as to the citizenship of the parties prevents this court from determining if this is so.

Starting with defendant Superior, "the citizenship of an LLC is the citizenship of each of its members," yet plaintiff has not alleged sufficient information to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Indeed, the complaint lacks *any* allegations regarding the names or the citizenship of any defendant Superior's members. Instead, plaintiff alleges it is

2

"organized under the laws of the State of Ohio with its principal place of business" in Ohio. (Compl. (dkt. #1) ¶ 3.)  The Seventh Circuit instructs, however, that this information is wholly irrelevant in deciding the citizenship of a limited liability company.  *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).[1]

Plaintiff also alleges that it is "organized under the laws of the state of Connecticut." (Compl. (dkt. #1) ¶ 1.)  Under § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where is has its principal place of business."  Plaintiff does not allege its principal place of business.  Accordingly, its citizenship is partially unknown.

A similar problem is present with regard to Charter's insured, Stack Bros. Mechanical Contractors, Inc ("Stack").  Plaintiff alleges that Stack "is a corporation with its principal place of business" in Wisconsin.  (Compl. (dkt. #1) ¶ 2.)  Plaintiff does not, however, allege Stack's state of incorporation.  Accordingly, its citizenship is partially unknown.

Before dismissing this action for lack of subject matter jurisdiction, Charter will be given leave to file within 14 days an amended complaint that establishes subject matter jurisdiction by alleging (1) the names and citizenship of each member of Superior's LLC; (2) Charter's principal place of business; and (3) Stack's state of incorporation or otherwise

---

[1] In alleging the LLC's citizenship, plaintiff should be aware that if any members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the individual citizenship of each of those members and partners must also be alleged as well:  "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."  *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

explain why the court need not consider this party in determining whether complete diversity exists.

## ORDER

IT IS ORDERED that:

1) Plaintiff Charter Oak Fire Insurance Company shall have until November 17, 2021, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 3rd day of November, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge